UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IAN RAY FINDLAY,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent. | NO: 4:19-CV-5124-TOR<br><br>ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION |

BEFORE THE COURT is an amended Petition filed by Petitioner Ian Ray Findlay, which the Court will construe as a Motion for Reconsideration, ECF No. 5. This matter was submitted for consideration without oral argument. The Court has reviewed the record and is fully informed. For the reasons set forth below, the construed Motion for Reconsideration is **DENIED.**

By Order filed May 20, 2019, the Court summarily dismissed Mr. Findlay's pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION -- 1

28 U.S.C. § 2254. ECF No. 3. Petitioner had not named a proper Respondent, *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994), or signed his complaint. In an apparent effort to remedy these deficiencies, the amended complaint names Jeffery A. Uttecht as Respondent and is signed as required by Federal Rule of Civil Procedure 11(a).

Petitioner conceded that he did not fully exhaust his state court remedies before filing his petition as required by 28 U.S.C. § 2254(b). *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Exhaustion is required.

Finally, the Court found Petitioner's assertion that the failure to prosecute him by indictment, rather than by information, was legally frivolous. *See Gaines v. Washington*, 277 U.S. 81, 86 (1928) ("Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution."). In his construed Motion for Reconsideration, Petitioner presents the same arguments, ECF No. 5 at 5-13, which are squarely foreclosed by the U.S. Supreme Court's decision in *Gaines*.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). It appears a motion under Rule 59(e) would be time-barred as it was

presented more than 28 days after the dismissal order. A Rule 60(b) motion would likely be considered be timely. In any event, "[a] district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263. These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

In this instance, Petitioner has not presented newly discovered evidence. *See School Dist. No. IJ,* 5 F.3d at 1263. He has not shown that the Court committed clear error or that the dismissal Order was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. *Id.*

**ACCORDINGLY, IT IS ORDERED:**

Petitioner's construed Motion for Reconsideration, ECF No. 5, is **DENIED**. The Clerk of Court is directed to enter this Order and provide a copy to Petitioner. **The file shall remain closed**. The Court certifies there is no basis upon which to

issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** July 10, 2019.



THOMAS O. RICE
Chief United States District Judge